UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN DAMMEIER, individually,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT U.S.A., INC. and UNIDENTIFIED COMPANY A,<br><br>Defendants. | CASE NO. 16-5481 RJB<br><br>ORDER ON DEFENDANT'S MOTION TO RECOVER COSTS |

This matter comes before the Court on Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Motion to Recover Costs Pursuant to Fed. R. Civ. P. 41(d). Dkt. 9. The Court has considered the pleadings filed regarding the motion and the remaining record.

On March 11, 2016, Plaintiff filed this case in Pierce County, Washington Superior Court, alleging that he sustained injuries after attempting to retrieve an item off a shelf that was above waist-height at the Home Depot on March 15, 2013. Dkt. 1-1. Home Depot removed the case. Dkt. 1. This case is the second brought by Plaintiff asserting the same claims against Home Depot for this event; the first was filed on May 1, 2014 ("2014 case"). *Dammeier v. Home*

*Depot,* Pierce County Superior Court case number 14-2-08344-6. The Home Depot now seeks an award of costs because Plaintiff voluntarily dismissed the same claims against it in *Dammeier v. Home Depot,* Pierce County Superior Court case number 14-2-08344-6, at a time when Plaintiff's response to a summary judgment was due. Dkt. 9. For the reasons below, the motion (Dkt. 9) should be denied.

## I.   FACTS

On May 1, 2014, Plaintiff filed the 2014 case. Dkt. 10-1, at 3. The 2014 case proceeded and the Home Depot served and received responses to discovery requests, obtained copies of Plaintiff's medical records, and deposed Plaintiff. Dkt. 10, at 2. Plaintiff did not propound any formal discovery. *Id.* On June 4, 2015, Home Depot filed a motion for summary judgment. Dkt. 10-1, at 2. Plaintiff's response was due on June 22, 2015. *Id.*

Rather than respond to the motion for summary judgment, Plaintiff filed an ex parte motion for voluntary dismissal under Washington Civil Rule 41(a)(1). Dkt. 10-1, at 2. The case was dismissed without prejudice on June 22, 2015. *Id.* The Home Depot states that it incurred $10,666.49 in attorneys' fees and costs in defending Plaintiff's first lawsuit. Dkt. 10, at 2.

On March 11, 2016, Plaintiff filed this case, asserting the same claims as he did in the 2014 case. Dkt. 1-1. The Home Depot removed this case based on the diversity of the parties' citizenship under 28 U.S.C. § 1332(a)(1). Dkt. 1.

## II.   DISCUSSION

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction, as is the case here, apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

ORDER ON DEFENDANT'S MOTION TO
RECOVER COSTS- 2

The parties do not dispute that Fed. R. Civ. P. 41(d) applies, and in any event, Washington's Civ. R. 41(d) is substantially similar to Fed. R. Civ. P. 41(d).  Washington's Civ. R. 41 (d) provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of taxable costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Likewise, under Fed. R. Civ. P. 41(d),

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Accordingly, Fed. R. Civ. P. 41(d) will be applied here.

"The language of Rule 41(d) clearly indicates that it conveys 'broad discretion' on federal courts to order stays and payment of costs, and that neither is mandatory." *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996).  It is "intended to serve as a deterrent to forum shopping and vexatious litigation." *Id.* (*internal quotation and citation omitted*).

The Home Depot's motion for costs and attorney's fees of $10,666.49 (Dkt. 9) should be denied.  There is an insufficient showing that an award of such substantial costs is merited here.  Plaintiff did not forum shop, but re-filed his case in the same forum.  There is no evidence of Plaintiff gained a tactical advantage or is engaging in vexatious litigation.  Plaintiff indicates in his declaration that at the time the response to the summary judgment was due, he had to decide if he could afford an expert to oppose the motion.  While other options may have been open to him (discovery did not close for 4 months), his decision to not proceed for financial reasons at that time was not intended for vexatious reasons nor did it give him a tactical advantage.

Further, while Defendant incurred expenses defending that suit, much of its prior efforts will not go to waste defending this case. Moreover, Plaintiff who is receives Social Security Disability Insurance payments for a traumatic brain injury, "has also demonstrated that he is financially unable to pay the fees and costs incurred the state court action." *See* Prest v. Jermstad, 250 F.R.D. 506, 508 (S.D. Cal. 2008)(denying motion under Rule 41(d), and noting, in part, the Plaintiff could not pay an award).

Moreover, this Court is not persuaded that Rule 41(d) allows for an award of attorneys' fees in a case like this one. *See Lee v. Townsend Farms, Inc.,* United States District Court, D. Idaho, 2014 WL 7149613. The Ninth Circuit has not ruled on the question, and there is a split among courts who have addressed the issue. *Id.* (*citing Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir.2000) (finding attorney fees are unavailable under Rule 41(d)); *but see Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir.1980) (affirming an award of attorney fees under Rule 41(d)); *Esquivel v. Arau*, 913 F.Supp. 1382, 1391 (C.D.Cal.1996) (awarding attorney fees under Rule 41(d)). "Where Congress has intended to provide for an award of attorney fees, it has usually stated as much and not left the courts guessing. Further, the law generally recognizes a difference between the terms 'costs' and 'attorney fees' ... we must assume that Congress was aware of the distinction and was careful with its words when it approved Rule 41(d)." *Id.* (*quoting Rogers*, at 874).

The Home Depot's Motion to Recover Costs under Fed. R. Civ. P. 41(d) in the amount of $10,666,49 (Dkt. 9) should be denied.

/

/

/

### III. ORDER

It is **ORDERED** that:

- The Home Depot's Motion to Recover Costs under Fed. R. Civ. P. 41(d) in the amount of $10,666,49 (Dkt. 9) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 16th day of September, 2016.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge