UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN DAMMEIER, individually,<br><br>                Plaintiff,<br><br>     v.<br><br>THE HOME DEPOT U.S.A., INC. and<br>UNIDENTIFIED COMPANY A,<br><br>                Defendants. | CASE NO. 16-5481 RJB<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Motion for Summary Judgment. Dkt. 27. The Court has considered the pleadings filed regarding the motion and the remaining record.

On March 11, 2016, Plaintiff filed this case in Pierce County, Washington Superior Court, alleging that he sustained injuries after attempting to retrieve an item off a shelf that was above waist-height at a Tacoma, Washington Home Depot on March 15, 2013. Dkt. 1-1. The Home Depot removed the case based on diversity jurisdiction. Dkt. 1. This case is the second brought by Plaintiff asserting the same claims against Home Depot for this event; the first was

1 filed on May 1, 2014 ("2014 case"), which Plaintiff voluntarily dismissed after Home Depot

2 filed a motion for summary judgment. *Dammeier v. Home Depot,* Pierce County Superior Court

3 case number 14-2-08344-6. Plaintiff's attorney was permitted to withdraw from this federal case

4 on January 4, 2017. Dkt. 26. The Home Depot filed its current Motion for Summary Judgment

5 on February 7, 2017, and noted it for consideration on March 10, 2017. Dkt. 27. Plaintiff did

6 not timely respond. Due to Plaintiff's *pro se* status, he was given a notification pursuant to *Rand*

7 *v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and the motion for summary judgment was renoted to

8 March 24, 2017. Dkt. 29. Plaintiff requested (Dkt. 30) and was granted another extension of

9 time to respond (Dkt. 34). The motion is now ripe.

10      For the reasons provided, the Home Depot's motion (Dkt. 27) should be granted, and the

11 case dismissed with prejudice.

12                     **I.**      **FACTS**

13    Around March 13, 2013, Plaintiff entered a Home Depot in Tacoma, Washington. Dkt. 1.

14 He states that he attempted to retrieve a box of Beadex All Purpose Joint Compound, which was

15 "stacked real high." Dkt. 28, at 30. Plaintiff testified that as he brought the box down, he "felt a

16 tear" in his shoulder and lost "all use of his arm." Dkt. 28, at 31. The box weighed around 48

17 pounds. Dkt. 28, at 36 and 59. Plaintiff did not drop the box, however, it bounced off a shelf.

18 Dkt. 28, at 30-31. Plaintiff did not ask for help before the incident. Dkt. 28, at 31. Plaintiff

19 testified that nothing appeared to be wrong with the box, and he did not check the weight, which

20 is on the box, before he attempted to lift the box. Dkt. 28, at 31 and 33.

21      Plaintiff's Complaint asserts a negligence claim against Home Depot for "creating a

22 dangerous condition that injured the Plaintiff by stocking heavy products above waist level, but

23 within the reach of its customers." Dkt. 1-1. Plaintiff seeks damages. *Id*.

24

1      In Home Depot's motion for summary judgment, it argues that there are no issues of fact

2 as to Plaintiff's claim for negligence, and that the case should be dismissed with prejudice. Dkt.

3 27. Home Depot argues that its decision to stack the boxes of joint compound was not an

4 unreasonably dangerous condition and that Plaintiff cannot show that any alleged breach of a

5 duty of care proximately caused his injuries. *Id.*

6      Plaintiff responds and argues that "there are many issues of fact that a jury must

7 determine," but does not identify those facts. Dkt. 35. Plaintiff primarily argues that his

8 attorneys should not have been permitted to withdraw from representing him, that he has

9 contacted several attorneys to represent him, and they have all declined to do so. *Id.* Although

10 Plaintiff testified that he did not check the weight on the box, in his response, he now asserts that

11 the weight of the box could not be seen. *Id.* Plaintiff also maintains that he looked for help on

12 the day of the accident, but could not find a sales person. *Id.*

13                     II.     **DISCUSSION**

14     **A. STANDARD ON SUMMARY JUDGMENT**

15      Summary judgment is proper only if the pleadings, the discovery and disclosure materials

16 on file, and any affidavits show that there is no genuine issue as to any material fact and that the

17 movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is

18 entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

19 showing on an essential element of a claim in the case on which the nonmoving party has the

20 burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue

21 of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

22 for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

23 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

24

1  metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a

2  material fact exists if there is sufficient evidence supporting the claimed factual dispute,

3  requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*

4  *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

5  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

6      The determination of the existence of a material fact is often a close question.  The court

7  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

8  e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect.*

9  *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

10  of the nonmoving party only when the facts specifically attested by that party contradict facts

11  specifically attested by the moving party.  The nonmoving party may not merely state that it will

12  discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

13  to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

14  Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not

15  be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

16          **B.  APPLICATION OF WASHINGTON LAW ON NEGLIGENCE**

17      As a federal court sitting in diversity, this court is bound to apply state law. *State Farm*

18  *Fire and Casualty Co. v. Smith*, 907 F.2d 900, 901 (9th Cir. 1990).  In applying Washington law,

19  the Court must apply the law as it believes the Washington Supreme Court would apply it.

20  *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).  In

21  Washington, a plaintiff making a claim for negligence must show: "(1) the existence of a duty,

22  (2) breach of that duty, (3) resulting injury, and (4) proximate cause." *Mucsi v. Graoch*

23

24

1   *Associates Ltd. P'ship No. 12*, 144 Wn.2d 847, 854 (2001)(*internal quotations and citations*

2   *omitted*).

3               1.   Duty

4         Turning to the first element of whether Home Depot had a duty to Plaintiff, "[t]he

5   common law classification of persons entering upon real property determines the scope of the

6   duty of care owed by the owner or occupier of that property."  *Id.,* at 854–55.  It is undisputed

7   that Plaintiff was an invitee to Home Depot.  So, Home Depot had a duty to Plaintiff to maintain

8   "its store in a reasonably safe condition."  *Brant v. Mkt. Basket Stores, Inc*., 72 Wn.2d 446,

9   451(1967).

10              2.   Breach

11        In order to show breach of a duty in a premises liability claim, the invitee plaintiff "must

12  establish that the defendant either caused the dangerous condition or knew or should have known

13  of its existence in time to remedy the situation."  *Schmidt v. Coogan*, 162 Wn.2d 488, 492

14  (2007)(*internal citations omitted*).

15        Plaintiff has failed to show that Home Depot "caused the dangerous condition" or "knew

16  or should have known of its existence in time to remedy the situation," *Schmidt,* at 492, and so

17  has not shown that Home Depot breached its duty.  Home Depot points to the testimony of

18  William E. J. Martin, who states that he has experience assessing premises safety for businesses.

19  Dkt. 28, at 47-60.  Mr. Martin states that "[u]sing the safe lift calculator developed by the

20  Washington State Department of Labor and Industries, [he] calculated whether removing a box

21  of Beadex All Purpose Joint Compound the sixty inch height shown in [Plaintiff's photographic

22  exhibit of the site with the box on a shelf 60 inches from the floor] would be safe."  Dkt. 28, at

23  59-60.  Mr. Martin concluded that the "box of Beadex All Purpose Joint Compound that Mr.

24

1 Dammeier removed from the shelf was placed in a safe manner and in conformance with the

2 lifting standards of the State of Washington Department of Labor and Industries." *Id.,* at 60.

3 Aside from asserting that his shoulder was injured when he removed the box from the shelf,

4 Plaintiff makes no showing that Home Depot's stacking of the boxes was not a reasonably safe

5 condition. Plaintiff offers no evidence that a standard of care was violated. The occurrence of

6 an accident is not evidence of negligence. *Marshall v. Bally's Pacwest,* 94 Wn.App. 372, 377

7 (1999). Plaintiff has failed to show that Home Depot breached its duty to him.

8                          3. Proximate Causation

9       Further, Plaintiff has not shown that Home Depot's alleged breach proximately caused

10 his injuries. In Washington, "[p]roximate causation has two elements: cause in fact and legal

11 causation." *Schooley v. Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468, 474, 951 P.2d 749, 752 (1998).

12 "'Cause in fact' refers to the actual, 'but for,' cause of the injury, i.e., 'but for' the defendant's

13 actions the plaintiff would not be injured." *Id.,* at 478. Legal cause "is grounded in policy

14 determinations as to how far the consequences of a defendant's acts should extend." *Id.*

15       Plaintiff has not shown that Home Depot's decision to place the joint compound on a

16 shelf was the cause in fact or legal cause of Plaintiff's injury. Plaintiff makes no showing that if

17 the box had been on the floor, for example, and he tried to lift it up to place it in his cart, the

18 result would have been different. Plaintiff does not dispute that the weight of the product was on

19 the box and states that he has no memory of the box being damaged in any way. Plaintiff did not

20 ask an employee for help, even though he was aware that he could have asked for assistance.

21 Plaintiff has not shown that the placement of the boxes was the cause of his injury.

22

23

24

1         4.  <u>Injury and Conclusion</u>

2      Plaintiff has not offered evidence that he was injured as a result of Home Depot's

3 breach of its duty to him.  Home Depot's Motion for Summary Judgment (Dkt. 27) should be

4 granted and Plaintiff's case should be dismissed.

5                   III.    **<u>ORDER</u>**

6     It is **ORDERED** that:

7         &bull;   The Defendant Home Depot U.S.A., Inc.'s Motion for Summary Judgment (Dkt.

8             27) **IS GRANTED;** and

9         &bull;   This case **IS DISMISSED**.

10     The Clerk is directed to send uncertified copies of this Order to all counsel of record and

11 to any party appearing *pro se* at said party's last known address.

12     Dated this 13th day of April, 2017.

13

14                         _____

15                         ROBERT J. BRYAN
                                  United States District Judge

16

17

18

19

20

21

22

23

24